IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Keith Gary, | ) | C/A No.: 1:11-353-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Larry Powers, Warden; and Dr. S. Bianco, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, was a pretrial detainee incarcerated at the Spartanburg County Detention Center ("SCDC") at the time he filed his complaint on February 15, 2011. He brought this action against Larry Powers, Warden of SCDC, and Dr. S. Bianco, M.D., a doctor at SCDC, alleging violations of 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's motion to stay filed March 24, 2011 [Entry #21]. Plaintiff's motion states "I am in transit and unable to co[m]petently represent myself at this time. I have no idea where I'll be one day [un]til the next." *Id*. Defendants have not responded to the motion to stay.

Since Plaintiff filed the motion to stay, the Clerk of Court's office has continued to mail all case-related documents to Plaintiff's prior addresses [Entry #18, #24, #38] and they have all been returned as undeliverable. [Entry #23, #32, #40]. Defendants have moved for summary judgment [Entry #41, #46], and the court entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response.

[Entry #42, #47]. The *Roseboro* orders were mailed to Plaintiff [Entry #43, #48] and were also returned as undeliverable [Entry #53, #56].

By order of September 14, 2011, the court directed Defendants to file a status report indicating their knowledge of Plaintiff's custody status. Counsel for defendant Powers timely responded, indicating that it appears Plaintiff is in the custody of the Bureau of Prisons ("BOP") and currently located at the U.S. Medical Center for Federal Prisoners ("MCFP").

Plaintiff was previously directed by order of this court dated March 7, 2011 to keep the court apprised of any change in address:

> You are ordered to always keep the Clerk of Court advised **in writing [P.O. Box 2317, Florence, South Carolina 29503**] if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.
>
> Put this order with your own record of this case so that you will not overlook your duty. If your address changes in the future, you must provide the court with your *own* new address.

[Entry #9] (emphasis in original). Notwithstanding the court's specific instructions, Plaintiff has failed to update his address with the court.[1] As such, it appears to the court

---

[1] Although Plaintiff requested in his motion to stay that all court documents be mailed to his wife, the court's March 7, 2011 order noted that the Clerk of Court was to not "enter any change of address submitted by Plaintiff which directs that mail be sent to

2

that Plaintiff does not oppose the motion to dismiss and wishes to abandon this action. Based on the foregoing, it is ordered that Plaintiff shall advise the court as to whether he wishes to continue with this case and to file a response to Defendant's motions for summary judgment by November 2, 2011. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). No extensions will be granted absent exceptional circumstances. Plaintiff's motion to stay [Entry #21] is denied. Additionally, the Clerk of Court is instructed to mail copies of the docket sheet and Entries #17, #27, #41, #42, #46, #47, #58, and #61 to Plaintiff at MCFP.

    IT IS SO ORDERED.

*[signature]*

September 19, 2011                                    Shiva V. Hodges
Florence, South Carolina                    United States Magistrate Judge

---

a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance." [Entry #9].