IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Keith Gary, | ) | C/A No.: 1:11-353-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Larry Powers, Warden; and Dr. S. Bianco, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, was a pretrial detainee incarcerated at the Spartanburg County Detention Center ("SCDC") at the time he filed his complaint on February 15, 2011. He brought this action against Larry Powers, Warden of SCDC, and Dr. S. Bianco, M.D., a doctor at SCDC, alleging violations of 42 U.S.C. § 1983. On March 24, 2011, Plaintiff filed a motion to stay this case [Entry #21], claiming he was in transit and unable to represent himself at the time.

During the pendency of the motion to stay, the Clerk of Court's office continued to mail all case-related documents to Plaintiff's prior addresses [Entry #18, #24, #38] and they were all returned as undeliverable. [Entry #23, #32, #40]. Defendants have moved for summary judgment [Entry #41, #46], and the court entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response. [Entry #42, #47]. The *Roseboro* orders were mailed to Plaintiff [Entry #43, #48] and were also returned as undeliverable [Entry #53, #56].

By order of September 14, 2011, the court directed Defendants to file a status report indicating their knowledge of Plaintiff's custody status. Counsel for defendant Powers timely responded, indicating that Plaintiff is in the custody of the Bureau of Prisons ("BOP") and currently located at the U.S. Medical Center for Federal Prisoners ("MCFP"). [Entry #58].

Plaintiff was previously directed by order of this court dated March 7, 2011 to keep the court apprised of any change in address:

> You are ordered to always keep the Clerk of Court advised **in writing [P.O. Box 2317, Florence, South Carolina 29503]** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.
>
> Put this order with your own record of this case so that you will not overlook your duty. If your address changes in the future, you must provide the court with your *own* new address.

[Entry #9] (emphasis in original). Notwithstanding the court's specific instructions, Plaintiff has failed to update his address with the court.[1]

---

[1] Although Plaintiff requested in his motion to stay that all court documents be mailed to his wife, the court's March 7, 2011 order noted that the Clerk of Court was to not "enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance." [Entry #9].

On September 19, 2011, the court issued an order denying Plaintiff's motion to stay and directing Plaintiff to advise the court as to whether he wishes to continue with the case by November 2, 2011. [Entry #62]. The order was mailed to Plaintiff at MCFP. [Entry #63]. Plaintiff has filed no response. As such, it appears to the court that he does not oppose the motions for summary judgment and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

November 3, 2011                             Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge

3